IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JOHNNY L. McGOWAN, JR., )
)
        Plaintiff, )
)
)
vs. )   CASE NO. 3:14-0578
)   JUDGE TRAUGER/ KNOWLES
)
)   JURY DEMAND
DR. O. OSBORNE, et al., )
)
        Defendants. )

**REPORT AND RECOMMENDATION**

This matter is before the Court upon Plaintiff's "Request for Injunction and Restraining Order," which the Court will treat as a Motion.[1]  Docket No. 55.  Defendants Kevin Gunn and Darrell Thomas have filed a Response in Opposition to the Motion.[2]  Docket No. 61.

Plaintiff is an inmate in the custody of the Tennessee Department of Correction.  He is proceeding pro se and in forma pauperis.  He originally filed this action in the United States District Court for the Western District of Tennessee against approximately 15 Defendants, as well as their estates and their insurance companies.  Most of his claims were dismissed upon a frivolity review, but his claims against five Defendants were transferred to this Court.  *See* Docket No. 34.  The five remaining Defendants are Dr. O. Osborne, Dr. Clement Barnard,

---

   [1] Fed. R. Civ. P. 7(b) provides in part, "A request for a court order must be made by motion."

   [2] Two of the other Defendants, Dr. O. Osborne and Dr. Clement Barnard, have not yet been served.

Corizon Medical, Lt. Thomas and Lt. Gunn. The District Court in the Western District of Tennessee described Plaintiff's claims against these five Defendants as follows:

> Plaintiff alleges that he arrived at the DSNF on March 7, 2013, with numerous serious injuries which included a sprained neck, broken back, stab wound to the left hand, fractured eye socket, possible concussion, and busted nose and mouth. . . . Plaintiff alleges that he was examined by Dr. Robert Baker, who issued an initial treatment recommendation. . . . Plaintiff alleges that his prescription for Tylenol 3 ran out. . . . Plaintiff alleges that Defendant Clement Barnard did not examine Plaintiff either before or after the prescription ran out, but refused to renew his prescription for Tylenol 3. . . . Plaintiff alleges that Dr. Barnard took this action pursuant to Defendant Corizon's policy. . . . Plaintiff states that Dr. Barnard prescribed only ibuprofen, however, the ibuprofen did not alleviate Plaintiff's pain. . . . Plaintiff alleges that Defendant Corizon and Defendant O. Osborne, Administrative Director of Corizon, have a policy of prescribing cheaper or no medications and defer surgeries needed by inmates. . . . Plaintiff alleges that Dr. Barnard overruled Dr. Baker's recommendations and cleared Plaintiff for return transport to the WTSP. . . . Plaintiff alleges that he was transported back to the WTSP by Defendants DSNF Lt. Thomas and WTSP Lt. Gunn, who placed him in an unpadded transportation bus, despite the availability of padded transportation vehicles. . . . Plaintiff alleges that this mode of transportation caused him to suffer repeated spasms of pain during the 174 mile trip.

*Id.*, p. 4-5 (footnote and citations omitted).

The instant Motion for an injunction and restraining Order has nothing to do with Plaintiff's claims against Defendants in this action. Instead, Plaintiff attempts to raise a new claim that his right of access to the Courts is being hindered because he has been "effectively" denied "his own legal materials, legal research, legal case files, and trial preparation materials." Docket No. 55, p. 1. He claims that Warden James Holloway has "erected" certain policies and procedures for the Charles Bass Correctional Complex which essentially provide that inmates with "excessive" legal materials used for ongoing Court cases shall be allowed to properly store

2

that material in a locked and secure caged area located in the property room. Additionally, to gain access to such stored material, the inmate must submit a completed form at least seven days prior to requesting the legal materials, "unless extreme circumstances exist." *Id*. The policy also provides that inmates may have a certain amount of "legal materials" in their possession, which will not exceed an area of 1.5 feet by 1 foot by 1 foot. *Id*., p. 3.

Plaintiff states, without citation to any authority whatsoever, that, "Plaintiff is entitled to the same hands on access to the legal files, documents and materials to this case as the Defendants professional, legally educated and law trained attorneys." *Id*., p. 2.

Plaintiff proceeds to discuss the considerations for the issuance of injunctive relief (irreparable injury, balance of hardships, likelihood of success on the merits, and the public interest) with regard to his attempt to raise a new claim of denial of access to the Courts. He seeks injunctive relief prohibiting "the Charles Bass Correctional Complex, and the Tennessee Department of Correction from taking and storing the Plaintiff's legal documents, legal research materials, legal files, and legal trial preparation materials . . . ." *Id*., p. 6.

As Defendants Gunn and Thomas point out, there are only five Defendants in this action, as discussed above. Plaintiff's claims against those Defendants have nothing to do with storage of legal materials or alleged denial of access to the Courts. They point out additionally that Plaintiff's Motion is not directed against any named Defendant, and that none of the Defendants in this case has any authority over the application of the policies about which Plaintiff now complains.

Furthermore, even if Plaintiff had properly presented this claim to this Court and sued the proper Defendants, Plaintiff has failed to allege or show that his lawsuit has suffered from the

application of the policies of which he complains.  Instead, he claims that the policies may impact his case in the future.  Moreover, he does not claim that he has missed a Court deadline or is unable to file a Motion.  In fact, Plaintiff has filed numerous Motions in this action.

For the foregoing reasons, the instant Motion for Injunction or Restraining Order (Docket No. 55) should be DENIED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court.  Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections.  Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation.  *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

E. Clifton Knowles
United States Magistrate Judge